IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DIANE PERSSON, | ) | 4:04CV3257 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JOHN E. POTTER, Postmaster | ) | |
| General, UNITED STATES POSTAL | ) | |
| SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

This is an employment discrimination case raising Title VII and Equal Pay Act claims. Plaintiff is a postal service employee. The complaint asserts that she was forced to perform the duties of her supervisor during his absences and did not receive higher pay when performing the supervisor's duties. Allegedly, other male employees were also required to cover the supervisor's position and they received higher pay when performing the supervisor's duties. This matter is before the court upon Defendant's Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of jurisdiction, or, in the alternative, for summary judgment on the Title VII claim. (Filing 24.) I will grant the motion to dismiss the Equal Pay Act claim, deny the motion to dismiss the Title VII claim, and grant the motion for summary judgment on the Title VII claim.

MOTION TO DISMISS

Title VII claim

A United States Postal Service employee who alleges employment discrimination must exhaust applicable administrative remedies before commencing

a Title VII action in federal court. Patrick v. Henderson, 255 F.3d 914, 915 (8th Cir. 2001). See 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614 et seq.. Defendant has moved to dismiss the Title VII claim because Plaintiff failed to timely exhaust her administrative remedies. However, the time limits for filing administrative and judicial proceedings in a Title VII action brought by a federal employee are not jurisdictional prerequisites. Irwin v. Veterans Admin. 498 U.S. 89, 93-96 (1990) (42 U.S.C. § 2000e-16c requirement that suit be filed within 30 days of EEOC's decision was not jurisdictional); Bailey v. United States Postal Serv., 208 F.3d 652 (8th Cir. 2000) (granting summary judgment for postal service rather than dismissing for lack of jurisdiction when employee did not initiate contact with an EEO counselor within 45 days of the allegedly discriminatory act). I will deny that part of Defendant's motion seeking dismissal of the Title VII claim for lack of jurisdiction.

## Equal Pay Act Claim

Plaintiff claims damages of $61,556.13. (Filing 21 at p. 6 (Rule 26 disclosure).)[1] The Court of Federal Claims has exclusive jurisdiction over Equal Pay Act claims against the United States that exceed $10,000, and federal district courts have no jurisdiction over these claims. Schrader v. Tomlinson, 311 F. Supp. 2d 21, 25 (D.D.C. 2004) (equal pay claims against the federal government must satisfy the jurisdictional requirements of the Tucker Act, 28 U.S.C. § 1491 and the "Little Tucker Act," 28 U.S.C. § 1346(a)(2)); Weber v. Hurtgen, 297 F. Supp. 2d 58, 62 (D. D.C. 2003) ("Because the EPA does not contain a specific jurisdictional grant," jurisdiction over equal pay claims is subject to the $10,000 jurisdictional limit of the Little Tucker Act); 28 U.S.C. § 1346(a)(2) (federal district courts have jurisdiction

---

[1] A district court has authority to consider matters outside the pleadings when subject matter jurisdiction is challenged under Rule 12(b)(1), and this does not convert the 12(b) (1) motion to one for summary judgment. See, e.g., Harris v. P.A.M. Transp., Inc., 339 F.3d 635, 637 n.4 (8th Cir. 2003) (citing cases).

over claims against the United States founded on an act of Congress only to extent claims do not exceed $10,000 in amount).

When a district court finds that it lacks subject matter jurisdiction over a claim, 28 U.S.C. § 1631generally permits the district court to transfer that claim to a court in which it could have been brought at the time it was filed. However, 28 U.S.C. § 1500 provides that the Court of Federal Claims lacks jurisdiction over a claim in respect to which the claimant has another suit pending in another court at the time those claims arose if that other suit is based on the same operative facts and seeks the same relief. When, as here, one complaint in district court raises both an Equal Pay Act claim seeking over $10,000 and a Title VII claim based on the same operative facts and seeking the same relief, the district court lacks jurisdiction over the equal pay claim and is prevented by 28 U.S.C. § 1500 from transferring the equal pay claim to the Court of Federal Claims. That is so even when the Title VII claim is later dismissed. Harbuck v. United States, 378 F.3d 1324, 1328-29 (Fed. Cir. 2004).

## MOTION FOR SUMMARY JUDGMENT

Defendant's motion also sought, alternatively, summary judgment on the Title VII claim for failure to timely exhaust administrative remedies. Defendant complied with the local rule regarding submission of motions for summary judgment. NECivR 56.1. The captions of the motion, supporting brief, and index of evidence all clearly indicate that the motion is a motion to dismiss, or, in the alternative, for summary judgment. There is no surprise or lack of notice to Plaintiff. Plaintiff did not respond to the motion. Accordingly, the material facts in Defendant's statement of facts are deemed admitted and are undisputed. NECivR 56.1(b)(1) ("Properly referenced

material facts in the movant's statement will be deemed admitted unless controverted by the opposing party's response.") . These are the material undisputed facts.[2]

Plaintiff asserts that discrimination began in January 1998 and continued. (Filing 25, D.'s Br. at 2 ¶ 1.) She first presented her Equal Employment Opportunity ("EEO") claim on March 17, 2003. (Filing 25 ¶ 2.)

On May 13, 2003, Plaintiff, through her counsel, was provided with a final interview letter advising her that she had fifteen (15) days in which to file a formal complaint. (Filing 25 ¶ 3.) The certified mail receipt for the final interview letter was signed on May 14, 2003. (Filing 25 ¶ 4.) Plaintiff submitted a formal complaint postmarked July 23, 2003 to Defendant. This was seventy (70) days after Plaintiff's receipt of the final interview letter. (Filing 25 ¶ 5.)

On December 11, 2003, Defendant formally denied Plaintiff's EEO claim and dismissed her complaint on the grounds that it had not been timely filed because (1) Plaintiff failed to file her formal EEO complaint within 15 days of the date on which the Notice of Right to File Individual Complaint was issued and (2) Plaintiff failed to contact an EEO counselor within the prescribed time limit and failed to credibly provide any extenuating circumstances for extending the time limit. (Filing 25 ¶ 6.)

On January 14, 2004, Plaintiff appealed the December 11, 2003 decision to the Equal Employment Opportunity Commission, Office of Federal Operations ("EEOC"). (Filing 25 ¶ 7.) On April 30, 2004, the EEOC issued its final decision upholding the dismissal of Plaintiff's claim as untimely because Plaintiff failed to file her formal EEO complaint within the 15-day statutory limit and further failed to

---

[2]For brevity's sake, I cite only to the moving party's statement of facts and do not include the pinpoint citations to the record

provide adequate justification to warrant an extension of the time limit. (Filing 25 ¶ 8.)

Plaintiff filed suit in this court on July 30, 2004. (Filing 1.) She submitted her initial disclosures on January 26, 2005, claiming damages of $61,556.13. (Filing 25 ¶10.)

Title VII plaintiffs must exhaust available administrative remedies before filing discrimination claims in district court. Employees of federal government agencies employees must consult an EEO counselor prior to filing a complaint, and they must initiate contact with the counselor within 45 days of the date of the alleged discriminatory act. 29 C.F.R. § 1614.105(a). If the matter is not resolved, the counselor must give the aggrieved person written notice of the right to file a discrimination complaint. The notice must "inform the complainant of the right to file a discrimination complaint with 15 days of receipt of notice . . . ." 29 C.F.R. §1614.105(d). Any complaint must be filed with the agency that allegedly discriminated and must be filed "within 15 days of the notice required by § 1614.105 (d), (e) or (f)." 29 C.F.R. § 1614.016(a) & (b).

Plaintiff failed to meet the 45-day deadline for contacting an EEO counselor as to most of the alleged discriminatory acts. Although she alleged that discrimination began in January 1998, she did not contact an EEO counselor until March 17, 2003. She has not brought forth any facts to excuse her noncompliance with the 45-day deadline. She has failed to exhaust her administrative remedies as to any discriminatory acts that occurred more than 45 days before March 17, 2003. Summary judgment for the claims as to which the 45-day deadline was not met is appropriate. Bailey v. United States Postal Serv., 208 F.3d 652, 654 (8th Cir. 2000) (granting summary judgment to postal service when complainant failed to meet the 45-day requirement and failed to submit any evidence opposing summary judgment).

Plaintiff also failed to meet another exhaustion requirement, and this failure requires granting summary judgment to Defendant on all claims, not just those as to which she failed to meet the 45-day deadline. After Plaintiff contacted an EEO counselor, informal resolution of the matter was unsuccessful. On May 13, 2003, the EEO counselor sent Plaintiff a final interview letter which notified Plaintiff of her right to file a formal EEO complaint That notice specifically advised that Plaintiff had fifteen (15) days in which to file a formal complaint. Plaintiff did not file a formal complaint until July 23, 2003, which was 70 days after receipt of the final interview letter. Though the 15-day deadline is subject to equitable tolling, Plaintiff failed to submit any evidence opposing the motion for summary judgment. The undisputed facts show that Plaintiff failed to meet the 15-day deadline for filing her EEO complaint with Defendant, and summary judgment on all Title VII claims is appropriate for this failure to exhaust. 29 C.F.R. § 1614.016(a) & (b).

Accordingly,

IT IS ORDERED:

1. Filing 24, to the extent it seeks dismissal of the Equal Pay Act claim and summary judgment on the Title VII claim, is granted;

2. Filing 24 is otherwise denied; and

3. Judgment shall be entered by separate document.

April 25, 2005.                     BY THE COURT:

                                              s/Richard G. Kopf
                                              United States District Judge